STEPHEN B. WEEKS, RESPONDENT, *v.* REUBEN HOYT,
APPELLANT.

*Accord and satisfaction — settlement made by copartners — when a defense to action
for an accounting — Amendment of complaint — when not allowed.*

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

The parties to this action entered into partnership in the early part of 1871, and dissolved, by mutual consent, in September, 1871, soon after which they settled their company accounts, and the plaintiff paid to defendant the amount found due upon such settlement. Afterward, plaintiff became satisfied that such settlement was not correct, and applied to defendant for another settlement, which defendant refused; whereupon the plaintiff brought this action. The complaint alleges the partnership and its dissolution, a demand of settlement made by plaintiff of defendant of their accounts, which the defendant neglected and refused, and demands an accounting of and concerning such matters, and for a decree for payment of any balance found due.

The answer, among other matters, sets up the accounting and settlement between the parties of their copartnership affairs; that the balance due from the plaintiff to the defendant was then agreed upon; that such settlement was full and fair, and that thereafter the plaintiff paid to the defendant the balance so settled and agreed upon.

Upon the trial the foregoing facts appeared. It also appeared that there were errors in such settlement affecting the rights of the parties, and copartnership affairs not included in such settlement were shown upon the trial.

The individual accounts of the partners were, to some extent, adjusted in their settlement of copartnership affairs. The referee, however, rejected such individual accounts, thus affecting very much the settlement made.

The General Term *held*, that as the plaintiff did not deny the settlement, as alleged and proved by defendant, and did not allege such errors as would obviate it, such settlement was a good defense,

and the plaintiff could not recover under his complaint; that even . though the settlement was, in some respects, erroneous, it could not be disregarded, under the pleadings; nor could the judgment upon the referee's report stand, because the case and his findings showed a settlement forbidding such general accounting as the referee had given to the parties; that the plaintiff could only recover according to the allegations of his complaint; and that an amendment, such as would be necessary to retain jurisdiction, would be too sweeping and radical to be allowed at this stage of the litigation.

*Alex. Cumming,* for appellant.  *A. C. Moses* and *L. T. Freeman,* for respondent.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment reversed and a new trial granted, costs to abide event, and the referee discharged.

----

LEVI M. HULTSLANDER, RESPONDENT, *v.* JOHN A. THOMPSON AND ANOTHER, EXECUTORS, ETC., OF LEVI HULTSLANDER, DECEASED, APPELLANTS.

*Statute of limitations — claims against estate of deceased, referred under the statute — when barred — Code,* §§ 95, 102.

APPEAL from a judgment entered on the report of a referee, agreed upon under the statute.

The defendants are executors of the will of Levi Hultslander, deceased. The plaintiff presented to said executors a claim against the estate, which was disputed. By consent the claim was referred. The consent was dated July 30, 1872; the referee was agreed-upon August 6, 1872, and the consent and agreement filed, and the order of reference entered, January 30, 1874.

The claim against the estate consisted of a number of items, but the referee only allowed the following of the dates as specified: 1863, November, one pair of shoes and two bushels of timothy seed, $14.05; 1864, January nineteen, one buffalo robe, five dollars, and forty weeks board at three dollars per week; 1867, November